UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LONNIE JOHNSON                                    CIVIL ACTION NO. 14-cv-0825

VERSUS                                            JUDGE HICKS

WILLIE SHAW                                       MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Lonnie Johnson ("Plaintiff") is a self-represented prisoner who filed this civil rights action against Officer M. K. Guy and Shreveport Police Chief Willie Shaw. Plaintiff alleges that Officer Guy subjected him to excessive force during the course of an arrest. Guy and Shaw have filed a Motion for Summary Judgment (Doc. 19) that challenges Plaintiff's claims. Plaintiff has not filed any timely response to the motion. For the reasons that follow, it is recommended the motion be granted and that this civil action be dismissed.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for

either party.  Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Relevant Facts**

Plaintiff alleged in his original complaint (Doc. 1) that he was a passenger in a vehicle when Shreveport police officers made a traffic stop and ordered him out of the vehicle.  Plaintiff alleged that it was readily apparent that he was in need of medical assistance, as he was bleeding profusely and told the officers that he had been shot. Plaintiff alleged that the officers nonetheless ordered him to get down on the ground, after which they grabbed him and maliciously dragged him across the street even though he did not resist in any way.

Plaintiff was directed to file his complaint on the proper form.  He did so and changed his allegations slightly.  He specified that it was Officer Guy who allegedly demanded the occupants get out of the truck one at a time.  Plaintiff stated that he was the last to get out and informed Guy that he was suffering from a gunshot wound to the hip.  Guy nonetheless demanded that Plaintiff crawl out hands first.  Guy then allegedly "forcefully grab me by my

arm and dragged me on the concrete injuring both of my legs." Plaintiff added that "while screaming in pain he told me little bitch shut the fuck up 'you dam nigger'." Plaintiff's complaints were not verified or otherwise in the form of competent summary judgment evidence.

Guy and Shaw directly challenged Plaintiff's allegations with summary judgment evidence. Guy states in a declaration made pursuant to 28 U.S.C. § 1746 that he is a corporal with the Shreveport Police Department and has been employed with the Department for more than eight years. He was working as a patrol officer in January 2014 when he received a call for assistance in stopping an SUV that was linked to a suspect in a recent home invasion. Guy was told that one of the invaders had been shot by the homeowner. Guy believed the gunshot wound was to the suspect's hip, but the home invasion had happened about 24 hours earlier, and he did not know the extent of the injury.

Guy states that he made it his first priority, considering the nature of the suspected crime, to secure the people in the SUV. Failing to do so can endanger police lives and create the potential for a suspect to suddenly drive away. The stop was made at night, and the SUV had dark tinted windows. Guy could not determine the number of people inside, but he believed from reports that there were multiple people involved in the home invasion. He ordered all of the people out of the SUV and instructed them to move away from the vehicle and back slowly towards awaiting officers.

Guy states that all but one occupant complied with his instructions. The dash-cam video from Guy's patrol car shows each person exiting and walking slowly, backward with

hands in the air, toward officers who took them into custody. The only occupant who did not immediately comply was Plaintiff. The recording shows that Plaintiff leaned out of a back door of the SUV with his hands in the air and stated that he was hurt and could not step out. Guy told Plaintiff to crawl out. Plaintiff did so, but he landed on the ground and stopped just outside the unsecured SUV. The video shows that Plaintiff was also very near a large bag that one of the other suspects left on the ground when they exited the SUV.

Guy states that he then quickly moved forward and pulled Plaintiff away from the SUV. The video shows that Guy did grab Plaintiff by the arm and drag him across smooth ground, perhaps the length of a car or so, to get Plaintiff away from the SUV. Plaintiff exclaimed that his leg was hurt. When the officers asked Plaintiff about his injury, he claimed that his leg was broken, and he denied having a gunshot wound. Guy inspected Plaintiff's leg and found an indication of a gunshot wound to the hip, so he called for assistance from the fire department to transport Plaintiff to the hospital. The video supports this and shows that other officers helped Plaintiff to his feet and supported him as he kept weight off the injured leg. Plaintiff was then taken from the scene to receive medical attention.

Guy states that he did not have any further involvement with Plaintiff. Guy specifically denies directing any racial slurs at Plaintiff, and the audio/video recording from the dash cam does not reflect any such statements. Guy denies intending to injure Plaintiff in any way by moving him away from the SUV. He states that his actions were based on the need to make sure the SUV and all potential occupants were secure, for the safety of the

officers and other parties in the vicinity of the stop. Guy adds that Chief Shaw was not present during these events.

**Analysis**

When a person who has been arrested asserts that officers used excessive force in violation of the Fourth Amendment, the question is whether the officer's actions are "objectively reasonable" in light of the facts and circumstances. Graham v. Connor, 109 S.Ct. 1865 (1989). To overcome an officer's claim of qualified immunity, a plaintiff must show "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." Ontiveros v. City of Rosenberg, 564 F.3d 379, 382 (5th Cir. 2009).

Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 109 S.Ct. at 1872. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." Id.

The uncontested summary judgment evidence shows that Officer Guy's actions were entirely reasonable in light of the facts and circumstances he faced. The crime at issue, home invasion, is a serious one, and at least one of the multiple suspects was believed to have been shot. There was no indication from the evidence that Guy did anything other than act in a reasonable fashion to secure the scene and effect an arrest. There is no evidence that any of

his actions were clearly excessive or outside the bounds of reasonably effecting an arrest. Chief Shaw is named as a defendant, but there are no allegations that he had any personal involvement in the arrest, and Guy has specifically stated that Shaw was not present at the scene.

Accordingly,

**IT IS RECOMMENDED** that the Defendants' **Motion for Summary Judgment (Doc. 19)** be **granted** and that Plaintiff's complaint be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of June, 2016.

Mark L. Hornsby
U.S. Magistrate Judge